IN

# THE SUPREME COURT

OF

## PENNSYLVANIA.

### EASTERN DISTRICT—PHILADELPHIA, 1854.

## Amelia Smith's Appeal.

1. A devise of real and personal property to the testator's children in equal shares, with a provision that, in case of the death of any of them without issue, his or her share shall be equally divided among the survivors, passes an estate tail in the land to the first takers with vested remainders over in fee, and the absolute title to the *personal* property.

2. The widow of a tenant in tail who dies without issue is entitled to her statutory dower of one-half of the land during her life.

3. In the construction of wills, the law, in doubtful cases, leans in favor of an absolute rather than a defeasible estate; of a vested rather than a contingent one; of the primary rather than the secondary intent; of the first rather than the second taker as the principal object of the testator's bounty; and of a distribution as nearly conformed to the general rules of inheritance as possible.

APPEAL from the decree of the Orphans' Court of *Philadelphia*, in relation to the distribution of the estate of Mrs. Matilda W. Smith. She died in 1848, leaving ten children surviving her, and leaving a will, of which the following is the material clause :—

"I will and bequeath all my property, real and personal, to my children (except my daughter Letitia, who is otherwise amply provided for), to be equally divided among them. In case of the death of any of my children without issue, his, her, or their portion or portions to be equally divided among the survivors. I hereby appoint my sons William, Harrison, and John my executors, and request them to dispose of my estate as above directed."

Her son John died in 1849 without issue, and leaving the appellant, his widow, who administered upon his estate.   The amount for distribution is $53,881, consisting of proceeds of personal property, and income of the real estate.   The claim of John's widow to a share in the distribution was rejected, and hence this appeal.

*H. Brinklé*, for appellant.

*McCall*, for appellees.

The opinion of the Court was delivered by
LOWRIE, J.—We lose no material word or idea of this will when we say, that by it the testatrix gives all her real and personal estate to her children in equal shares, and provides that, in case of the death of any of them without issue, his or her portion shall be equally divided among the survivors.   What estate did each child take under the will?   It is very clear that each took an estate tail in the land as in the cases of Lapsley *v.* Lapsley, 9 *State R.* 130, and Eichelberger *v.* Barnitz, 9 *Watts* 447, and that of course was John's estate.

What, then, is the right of his widow?   At common law a widow is entitled to dower out of any estate of inheritance of her husband, fee simple or fee tail, to which her issue might have been heir; and, under our law, the widow of a man dying without issue is entitled to one-half of his real estate during life.   That is, in estates out of which she would before have been entitled to common law dower, she is now entitled to what may be called statutory dower.   Hence it follows, that the appellant is entitled, during life, to the undivided half of the real estate devised in tail to her late husband.

Now as to the personal property.   Let it be noticed that the legacy is in its terms absolute, and that it is qualified only by the bequest over on his death without issue.   But these are words of entailment, and therefore, when applied to personal estate, they pass the absolute property: 1 *Meriv.* 20; 3 *Id.* 176; 2 *Keene* 57; 2 *Bro. C. C.* 33; 3 *Ves. Jr.* 99; 17 *Id.* 479; 19 *Id.* 73; 1 *Edw.* 157.   A different construction is usually put upon the phrase "dying without *leaving* issue," when applied to personal property: 2 *Rop. on Leg.* 1551.

It is a general, not to say a universal rule, that words which, when applied to land, would create an estate tail, will, when applied to chattels, pass the entire interest.   How can it be otherwise?   Chattels cannot be inherited.   They pass to one set of representatives, and land to another.   The personal representatives cannot take land by descent, nor the real representatives,

[Amelia Smith's Appeal.]

chattels. A devise of land to a man and his issue is therefore good; but of chattels it is, *prima facie*, bad as to the issue; for that word, unexplained, must be taken in its technical sense, as a word of limitation, and not of purchase.

There is nothing in this devise to take it out of the general rule. Not one word indicates an intention to limit the interest of the first takers to a life estate. It is not the profits that are to be paid to them. No trustees are appointed to take charge of the fund. But executors are appointed to settle up the estate and "dispose" of it as directed, that is, to "divide" it among the children.

To construe it a life estate in the first takers, would be to prefer the second takers, who are unknown, to the first, who are known, contrary to the rule which prefers the primary to the secondary objects of the testator's bounty. It would be giving a life estate in chattels, which some of the legatees might never be able to enjoy, because of their inability to give adequate security. In cases of doubtful construction the law leans in favor of an absolute, rather than a defeasible estate; of a vested, rather than a contingent one; of the primary, rather than the secondary intent; of the first, rather than the second taker, as the principal object of the testator's bounty; and of a distribution as nearly conformed to the general rules of inheritance as possible. If this case were doubtful on the words of the will, these considerations would rule it. But it is not doubtful. John, on the death of his mother, took a vested absolute title to one-ninth of her personal property, and on his death his administratrix became substituted to his right.

DECREE.—This cause came on for hearing on the appeal of Amelia Smith from the decree of the Orphans' Court of Philadelphia county, in the distribution of the funds in the hands of William W. Smith and Harrison Smith, executors of Matilda W. Smith, deceased, and was argued by counsel, and thereupon, on consideration thereof, it is adjudged and decreed that the decree of the said Orphans' Court in the premises be reversed and set aside, and this Court, now proceeding to make such decree therein as the said Orphans' Court ought to have made, do decree and declare that, under the last will of Matilda W. Smith, her son John G. Smith and the other devisees acquired a fee tail title as tenants in common to the land thereby devised, and an absolute title to the personal estate; that, on the death of the said John, his widow Amelia became entitled to a life estate in one-half of his share of the real estate, and that, subject hereto, his said share goes over as a vested remainder in fee to the surviv-

[Amelia Smith's Appeal.]

ing devisees; and that his share of the personal estate passed to his administratrix, to be accounted for and distributed by her according to law. And it is now here ordered that the account of the said executors of Matilda W. Smith be referred to John K. Findlay, Esq., as auditor, with directions to proceed without delay, and report to this Court the shares of the several devisees and legatees of the fund in Court, in accordance with the foregoing part of this decree, first deducting thereout the costs of this proceeding.