# Millard's Appeal.

1. A gift of the income of a fund, without limitation as to time, is a gift in perpetuity, and carries the fund itself.

2. Where there is no bequest over, and no restriction to the life of the first taker, the gift is absolute.

3. Where it is plain that the intention of a testator was to give the entire beneficial interest of a bequest to his nephew, the fact that he withheld the enjoyment of the principal thereof until the trustee of the nephew should be satisfied that he was sober and industrious in his habits, in no wise affects the question of intention.

4. A testator bequeathed a certain sum to his executrix in trust, to be safely invested, and the income to be paid to his nephew, and authorizing her, at her discretion, to pay over to him the fund itself. *Held*, that this was a vested legacy in the nephew.

October 8th 1878. Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON, WOODWARD and TRUNKEY, JJ.

Appeal from the Orphans' Court of *Allegheny county:* Of October and November Term 1878, No. 229.

Appeal of Clara M. Millard, from the decree of the court dismissing her exceptions to the final account of Mary Ann McClurg, trustee of Joseph M. Millard, under the will of Thomas McClurg, deceased.

The facts are stated in the opinion of this court.

*Moore & Milligan* and *J. L. Logan*, for appellant.—The condition to pay over if Joseph should be sober and industrious, was a stipulation as to the time of payment and not a condition precedent as to the gift: McClure's Appeal, 22 P. F. Smith 414. Vested interests have preference over those which are contingent, and in doubtful cases the first taker is preferred: Amelia Smith's Appeal, 11 Harris 9; Malone *v.* Dobbins, Id. 296; Roberts's Appeal, 9 P. F. Smith 70.

*George P. Hamilton*, for appellee.—The gift, and the direction

to pay, were inseparably connected, so that the former could only be implied from the latter, and the legacy was therefore contingent and not vested: McClure's Appeal, *supra*.   The *cestui que. trust* had not the *jus disponendi*, and therefore the fund was not transmissible to the appellant: Fearne on Remainders; Evans *v.* Davis, 1 Yeates 332; Keyser *v.* Mitchell, 17 P. F. Smith 473; Stoner's Appeal, 27 Id. 282; Gaul's Estate, 30 Id. 348.

Mr. Justice PAXSON delivered the opinion of the court, October 21st 1878.

The contention in this case arises upon the construction of the following clause of the will of Thomas McClurg, deceased: "I give, devise and bequeath to my executrix, hereinafter named, the sum of thirty thousand dollars, in trust, that she shall and do put and place the same out at interest on good real security, or in bonds of the United States, or state of Pennsylvania bonds, or in bank stocks or other good securities, and pay over the interest or dividends therefrom and thereof from time to time when and as the same shall be received, unto my nephew Joseph M. Millard; and in case the said Joseph M. Millard shall be sober and industrious in his habits, my said executrix may, and she is hereby authorized to pay over to him, from time to time, such portions of the principal as she in her judgment shall deem right and proper, or she may at any time she may deem it right and proper, pay over to him the whole of the said thirty thousand dollars."   On the 3d day of July 1874, Mary Ann McClurg, the executrix under said will, filed her petition in the Orphans' Court of Allegheny county, reciting the above clause of said will, and asking leave to invest the sum of $25,000 of the principal of said legacy in a certain bond and mortgage described in said petition, which leave was granted by the court.   Previously to that time the petitioner had paid the collateral inheritance tax on the legacy, and had also, in the exercise of the discretion conferred upon her by the testator, paid over to the said Joseph M. Millard the sum of $4182.14 of the principal.   Shortly after the said Joseph M. Millard died intestate, leaving a widow, Clara M. Millard, the appellant, and a daughter, Margaret Blanche Millard.   The said Mary Ann McClurg filed her second and final account as trustee of this fund, to which exceptions were filed by the appellant, upon the ground that the trustee had not charged herself with the balance of the principal of said fund remaining in her hands.   The exceptions having been dismissed by the Orphans' Court this appeal was taken.

The record raises the single question whether this is a vested legacy.   If vested it would go to the administrator of Joseph, and the widow as such would have no standing in this proceeding.   We are requested, however, not to decide the case upon this technical

point, but to treat it as if the appellant were the personal represent-
ative of Joseph M. Millard.

We are of opinion that the legacy vested.   It was evidently so
intended by the testator.   There is no bequest over, and there is
no restriction to the life of the first taker.   There was an absolute
direction to pay the interest to Joseph, with authority to pay over
the principal in the discretion of the trustee.   A gift of the income
of a fund without a limitation as to time is a gift in perpetuity and
carries the fund itself: Roberts's Appeal, 9 P. F. Smith 70; Par-
ker's Appeal, 11 Id. 478; Appeal of the Pennsylvania Company,
2 Norris 312.   The testator plainly intended to give the entire
beneficial interest to his nephew.   It is true he withheld the enjoy-
ment of the principal until his trustee should be satisfied that he
was sober and industrious in his habits, but this in no wise affects
the question of intent.   The testator evidently hoped and expected
that his nephew's conduct would eventually entitle him to receive
the principal.   He made no provision for any other contingency.
The condition upon which the principal was to be paid having be-
come impossible by the act of God, i. e., by the death of Joseph M.
Millard, what is to be done with the fund? the trustee cannot keep
it; there was no gift over, and it does not pass under the residuary
clause.   Either the testator died intestate as to this fund, or it must
go to the personal representative of Joseph M. Millard.   The law
never presumes an intent to die intestate as to a part of a testator's
estate.   No such intention can be gathered from this will.   The
plain object of the clause in question was to provide for his nephew,
and at the same time prevent the fund from being wasted through
idleness or intemperance.   We regard this question as free from doubt,
but if it were not, we would feel ourselves bound to apply the rule
laid down in Amelia Smith's Appeal, 11 Harris 9 : " in the construc-
tion of wills the law in doubtful cases leans in favor of an absolute
rather than a defeasible estate; of a vested rather than a contingent
one; of the primary rather than the secondary intent; of the first
rather than the second taker as the principal object of the testa-
tor's bounty."

It was urged on behalf of the appellee, that Joseph M. Millard
took nothing; that inasmuch as the trustee could withhold at plea-
sure he had nothing which was the subject of gift, sale or attach-
ment; and Keyser v. Mitchell, 17 P. F. Smith 473 ; and Huber's
Appeal, 30 Id. 348, were cited in support of this view.   It is
a sufficient answer to this to say that in the case in hand there
was an absolute gift of the income, which was not the case either in
Huber's Appeal or Keyser v. Mitchell.

The accountant must be surcharged with the whole amount of
the legacy and credited with the payments made by her of interest
and principal.   The balance of the fund will be payable to the

[Millard's Appeal.]

administrator of Joseph M. Millard, if there be one, and if not to an administrator to be hereafter appointed.

The decree is reversed, and the exceptions filed by Clara M. Millard, to the account of Mary Ann McClurg, trustee of Joseph M. Millard, deceased, are sustained. The costs of this appeal to be paid by the appellee.