## Cornelia R. Sproul's Appeal.

A testator having bequeathed his residuary estate to his daughters, provided as follows: "I give to my sons, Isaac and James, $1,000 each, the interest to be paid them annually by my executor, who is to be their trustee in this bequest." One of the sons having afterwards died:

*Held*, that the intent of the testator was to bequeath to each of said sons an absolute legacy of $1,000, and not merely the interest of $1,000 for life, and that, therefore, the principal of the legacy bequeathed to the deceased son should be awarded to his administratrix, and not to the residuary legatees.

February 21, 1884. Before MERCUR, C. J., Gordon, PAXSON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.

APPEAL from the Orphans' Court of *Lycoming county:* Of January Term, 1884, No. 37.

Appeal by Cornelia R. Sproul, administratrix of Isaac G. Sproul, deceased, from a decree of said court, dismissing her exceptions to the report of an auditor in the distribution of the estate of Henry Sproul, deceased, in the hands of his executrix, and confirming the auditor's report.

The auditor appointed to report distribution of the assets in the hands of said executrix, as shown by her first and partial account, (J. L. Meredith Esq.) found the material facts to be as follows:

The testator, Henry Sproul, died January 16, 1875, leaving to survive him a widow, Mary M. Sproul, and five children, to wit: Isaac G. Sproul, Robert C. G. Sproul, Sarah S. Sproul, intermarried with Charles K. Geddes, Esq., Martha O. Sproul, now intermarried with Richard H. Thornton, Esq., and Elizabeth G. Sproul, now intermarried with R. Charlton Reading.

James C. Sproul, another son, and who was named as a beneficiary under the will, died December 9, 1871, (before his father died) unmarried, intestate and without issue.

Isaac G. Sproul died March 24, 1881, leaving to survive him a widow, Cornelia R. Sproul, and three children. Letters of administration on his estate were granted to the widow, Cornelia R. Sproul.

The testator's will contained, inter alia, the following clauses:

"The residue of my property real, personal and mixed, I give and bequeath to my daughters."

"I give to my sons, Isaac and James, $1,000 each, the interest to be paid them annually by my executor who is to be their trustee in this bequest."

Before the auditor Cornelia R. Sproul, administratrix of Isaac G. Sproul, deceased, claimed to be entitled to receive the legacy of $1,000, with interest thereon, under the above cited clause in the decedent's will. On the other hand, it was claimed by the residuary legatees that said clause in the will did not bequeath a legacy of $1,000 to Isaac G. Sproul, but merely an annuity of the interest of $1,000 for life, and that upon his death the principal sum of $1,000 became part of the testator's residuary estate.

The auditors sustained the latter claim, and awarded said $1,000 with interest from the death of Isaac G. Sproul to the residuary legatees.

Exceptions filed to the auditor's report by Cornelia R. Sproul, administratrix of Isaac G. Sproul, deceased, were dismissed by the court (CUMMIN, P. J.,) and the report was confirmed (no opinion filed). Thereupon Cornelia R. Sproul, administratrix, etc., took this appeal, assigning for error the overruling of her exceptions and the decree confirming the auditor's report.

*R. P. Allen* (*Malcolm Hay* with him), for the appellant, cited: Hellman *v.* Hellman, 4 Rawle, 450; Garret *v.* Rex,

6 Watts, 14; Parker's Appeal, 11 P. F. S., 484; Roberts's Appeal, 9 P. F. S., 70; Appeal of Penna. Co., &c., 2 Norris, 315; Millard's Appeal, 6 Norris, 457.

*Charles K. Geddes* and *Richard H. Thornton*, for the appellees, argued that the main intent of the testator, as gathered from the entire will, was to favor his daughters at the expense of his sons, and that the construction of the ambiguous bequest to his sons, Isaac and James, should be controlled by such main intent, and be limited to the bequest of annuities, and not of the principal sums mentioned.

Mr. Justice STERRETT delivered the opinion of the court, March 10, 1884.

After giving nearly all his estate to his wife and daughters, and appointing an executrix, the testator, in the last clause of his will, makes the following bequest: "I give to my sons, Isaac and James, $1,000 each, the interest to be paid them annually by my executrix, who is to be their trustee in this bequest." James, the last named legatee, pre-deceased his father, who died January 16, 1875, and Isaac died March 16, 1881, leaving a widow, Cornelia R. Sproul, the appellant, to whom letters of administration on his estate were granted by the register of Allegheny county.

The contention that prevailed in the court below was that the legacy to Isaac was merely an annuity of $60; and, upon his decease, the principal from which the annuity accrued passed under the residuary clause of the will to testator's three daughters. On the other hand, it is contended that testator intended an absolute gift of the sum named, to be held by his executrix, in trust for the legatee, and the interest thereof to be paid to him annually.

We have no doubt the latter is the proper construction of his bequest. The words, "I give to my sons, Isaac and James, $1,000 each," clearly import nothing less than an absolute gift of that sum. If the additional words, "the interest to be paid them annually by my executrix, who is to be their trustee in this bequest," had been omitted, there would have been literally nothing within the four corners of the will to suggest even a doubt as to the intention of testator, nor can it be fairly inferred from these words that he intended to reduce the gift of $1,000 to a mere annuity of $60. On the contrary, they indicate nothing more than a purpose, on his part, to create a trust as to the corpus of the legacy for the benefit of the legatees. There is no bequest over of the principal on the death of either legatee, nor anything in the provisions of will limiting the time during which interest

shall be paid. It has been repeatedly held that a bequest of the interest or produce of a fund, without limitation as to time, is a bequest of the fund itself: Hellman *v.* Hellman, 4 Rawle, 450; Garret *v.* Rex, 6 Watts, 14; Parker's Appeal, 11 P. F. Smith, 484; Millard's Appeal, 6 Norris, 457.

The fact that the clause under consideration is preceded by a general residuary bequest in favor of the daughters cannot in the slightest degree militate against the construction we have adopted. As was said in Willard's Estate, 18 P. F. Smith, 327–32, the "residue" of a man's estate, in testamentary language, means whatever is not specifically devised or bequeathed, and in whatever part of a will it may be found it ought to have that meaning, unless the whole will, taken together, clearly shows it was not so intended. If a testator should begin his will with a bequest or devise of all his residuary estate, and then proceed to make various bequests and devises, it would not vary the proper construction of either. The argument advanced by appellees, that because testator gave nearly the whole of his estate to his wife and daughters, it may be inferred he intended to give his son Isaac merely an annuity of $60, by way of remembrance, scarcely rises to the dignity of a *petitio principii.*

We see nothing to create a doubt as to testator's intention to give Isaac an absolute legacy of $1,000; but if such doubt did exist it should be resolved in favor of the legatee. As was said by Mr. Justice LOWRIE in Smith's Appeal, 11 Harris, 9, "In cases of doubtful construction the law leans in favor of an absolute rather than a defeasible estate; of a vested rather than a contingent one; of a primary rather than a secondary intent; of the first rather than the second taker, as the principal object of the testator's bounty; and of a distribution as nearly conformed to the general rules of inheritance as possible."

It follows, from what has been said, that appellant is entitled to participate in the fund for distribution to the extent of $1,000, and interest thereon from the date to which the interest was paid to her intestate.

> Decree reversed at costs of appellees, and record remitted with instructions to distribute the fund in conformity to the foregoing opinion.