Estate of Joseph M. Boies, deceased. Appeal of Luther Laflin Mills, Executor and Trustee under the Will of Matthew L. Boies, deceased.

*Wills—Construction of—Trusts—Fee simple estate.*

Testator by his will directed as follows: " All the rest, residue and remainder of both my real and personal estate I give, devise and bequeath to my son H., to my daughter M., to my daughter E. and my son Matthew to be equally divided between them on the following conditions : The share going to my son H. and my daughters M. and E. shall be held each of them in trust for their children, and the share going to my son Matthew shall be held in trust by my son H. My son H. shall pay to my son Matthew the income from his share in quarterly payments each and every year during his natural life, and my son H. may in his discretion, in case my said son Matthew shall reform and abstain from the use of intoxicating drinks for two years, pay to him, my said son Matthew, from three thousand to five thousand dollars to enable him to engage in business." By a codicil testator further directed as follows : " I desire to have it known and understood by all interested in my last will and testament, and I so will, that it

is my intention that my children surviving me, to whom I have left property in trust for their children, shall have the free use and benefit during their lives of the income of such trust, without the necessity of accounting to their children for such income, and that they shall have power to sell and reinvest the principal at their discretion, in such manner as shall, in their judgment, best preserve the principal sum for their heirs. Nothing herein, however, is to affect the original provisions of my will concerning my youngest son, Matthew." *Held*, that the will created an active trust for Matthew's protection and benefit, limited in duration to the period of his natural life, without stripping him of authority to dispose of the corpus, by will or otherwise, to take effect at his death.

A will must be so construed as to avoid partial intestacy unless the contrary is unavoidable.

Argued Feb. 28, 1896. Appeal, No. 217, Jan. T., 1896, by Luther Laflin Mills, executor of Matthew L. Boies, deceased, from decree of O. C. Lackawanna Co., No. 566, Series A, distributing estate of Joseph M. Boies, deceased. Before STERRETT, C. J., GREEN, McCOLLUM, MITCHELL and FELL, JJ. Reversed.

Exceptions to account of testamentary trustee.
The facts appear by the opinion of the Supreme Court.

*Errors assigned* were in overruling exceptions to account.

*James H. Torrey* and *Peter Cantine*, for appellant.—Matthew's want of right of possession during his natural life is not inconsistent with his right to dispose of the estate by will: Holt v. Holt, 114 N. C. 241; Wellford v. Snyder, 137 U. S. 521.

In cases of doubtful construction, the law leans in favor of an absolute rather than a defeasible estate: Smith's App., 23 Pa. 9; Weber's App., 17 Pa. 479; Leiter v. Sheppard, 85 Ill. 242; Ducker v. Burnham, 146 Ill. 9.

The presumption is against partial intestacy: Redding v. Rice, 171 Pa. 305; 2 Jarman on Wills, 768. Courts will so construe a will as to include all testator's property in order that the testator may not die intestate as to any part of his estate: Boards of Missions' App., 91 Pa. 507; Scofield v. Olcott, 120 Ill. 374; Missionary Soc. v. Mead, 131 Ill. 339; Raudenbach's App., 87 Pa. 51; Miller's App., 113 Pa. 459, 467; Jacob's Est., 140 Pa. 268; Sweitzer's Est., 142 Pa. 541; Reimer's Est., 159 Pa. 212, 219; Whitcomb v. Rodman, 156 Ill. 116; Hayward

v. Loper, 147 Ill. 41; Brown v. Hastey, 90 Ga. 208; Adamson
v. Armitage, 19 Ves. 416; Hellman v. Hellman, 4 Rawle, 450;
Garret v. Rex, 6 Watts, 14; 2 Roper on Legacies, 331; Parker's
App., 61 Pa. 484; Millard's App., 87 Pa. 457; McCune v.
Baker, 155 Pa. 503; Brownfield's Est., 8 Watts, 465; Forsythe
v. Forsythe, 108 Pa. 129; Merkel's App., 109 Pa. 235; Foll-
weiler's App., 102 Pa. 581; Cox v. Simms, 125 Pa. 522; Boyle
v. Boyle, 152 Pa. 108; Diehl's App., 36 Pa. 120.

Merely negative words (much less ambiguous expressions)
are not sufficient to exclude the heir or next of kin: Hitchcock
v. Hitchcock, 35 Pa. 393; Bender v. Dietrick, 7 W. & S. 284.

If possible the court will reconcile two dispositions apparently
inconsistent, and in so doing will endeavor not to disturb the
first further than is absolutely necessary to give effect to the
second: 29 Am. & Eng. Ency. of Law, 363; Hart v. Stoyer, 164
Pa. 523; Jones v. Strong, 142 Pa. 496; Sheetz's App., 82 Pa.
213. A clear and explicit bequest of an absolute estate in one
clause of a will, will not be limited to a life or contingent estate
by a subsequent clause unless the intent so to limit the estate
is plain, obvious and beyond a question of a doubt: Keller's
Est., 11 Lanc. L. Rev. 185; Pendleton v. Bowler, 28 P. L. J.
313.

*Alfred Hand*, with him *Wm. J. Hand*, for appellee.—Mat-
thew took only a life estate. Reiff and Umstead's App., 60
Pa. 363; Sheaffer's App., 8 Pa. 38; Brown's Est., 38 Pa. 289;
Ritter's Est., 148 Pa. 577; Urich's App., 86 Pa. 386; Eichel-
berger's Est., 135 Pa. 171; Sieber's App., 9 Atl. Rep. 863;
Donahue v. Helme, 5 W. N. C. 539; Fisher v. Herbell, 7
W. & S. 63; Bentley v. Kauffman, 86 Pa. 99; Flickwir's App.,
136 Pa. 374; Smathers v. Moody, 17 S. E. Rep. 532; Howland
v. Clendenin, 134 N. Y. 305; Beech's Est., 22 N. Y. 1079; Mc-
Clure's Will, 136 N. Y. 238; Schouler on Wills, sec. 562; Eld-
ridge v. Eldridge, 9 Cush. 516; Birdsall v. Hewlett, 1 Paige,
32; Stockton v. Thorn, 1 Stockt. 702; Stokes v. Weston, 142
N. Y. 433; Bartlett v. Patton, 33 W. Va. 71; Boston S. Dep.
Co. v. Coffin, 152 Mass. 95; Peckham v. Lego, 57 Conn. 553.

OPINION BY MR. CHIEF JUSTICE STERRETT, Oct. 5, 1896:
This case hinges on the proper construction of the residu-

ary clause of Joseph M. Boies' will, which is in the following words:

"Sixth.—All the rest, residue and remainder of both my real and personal estate, I give, devise and bequeath to my son Henry M. Boies, to my daughter Mari L. Brainard, wife of Thomas C. Brainard, to my daughter Ella B. Mills, wife of Luther Laflin Mills, and my son Matthew L. Boies, to be equally divided between them, on the following conditions: The shares going to my son Henry M. Boies and my daughters Mari and Ella. B. shall be held each of them in trust for their children, and the share going to my son Matthew L. Boies shall be held in trust by my son Henry M. Boies. My son Henry M. Boies shall pay to my son Matthew L. Boies the income from his share in quarterly payments each and every year during his natural life, and my son Henry M. Boies may in his discretion, in case my said son Matthew L. Boies shall reform and abstain from the use of all intoxicating drinks for two years, pay to him, my said son Matthew L., from three thousand to five thousand dollars to enable him to engage in business."

At the date of his will—November 15, 1880—the testator owned the mansion house, but in 1883 he sold it. On March 17, 1891, he made the following codicil to his will, declaring therein that it was sealed in the city of Chicago, Illinois:

"I desire to have it known and understood by all interested in my last will and testament, and I so will, that it is my intention that my children surviving me, to whom I have left property in trust for their children, shall have the free use and benefit during their lives of the income of such trust, without the necessity of accounting to their children for such income, and that they shall have power to sell and reinvest the principal at their discretion, in such manner as shall, in their judgment, best preserve the principal sum for their heirs. Nothing herein, however, is to effect the original provisions of my will concerning my youngest son, Matthew."

None of the remaining provisions of the will appears to afford any assistance in construing the residuary clause above quoted.

On April 22, 1891, the testator died at the home of his daughter Mrs. Mills in Chicago; and, on January 17, 1894, his son Matthew died at Middletown, New York, unmarried and

leaving no issue. By his last will, executed at Chicago, November 27, 1891, he made a specific bequest to the appellant Luther Laflin Mills in trust for Matthew Mills, son of said trustee, and left the residue of his estate to his sisters, Mrs. Mills and Mrs. Brainard. This will was duly probated, and, as executor and trustee therein named, appellant claims the corpus bequeathed to Matthew L. Boies in trust, etc., by the will of his father Joseph M. Boies.

The first specification of error involves the construction—claimed by appellant—of the residuary clause above quoted. The second and fourth specifications—depending on the construction thus claimed—present the question of distribution under the will of Matthew L. Boies. The third specification may be dismissed with the remark that there appears to be no error in the finding of fact therein recited.

There is no question as to the amount of the estate involved; nor, is. it doubted that, if the corpus of Matthew's share did not pass to and vest in him under his father's will, it remained undisposed of, and to that extent the testator died intestate. The validity of Matthew's will is not denied, nor can it be doubted that, if he had any right or title, beyond an equitable life interest, in or to the share given him by his father, the same passed to appellant by Matthew's will. There is no dispute as to who are the legal heirs of Joseph M. Boies; so that, if he died intestate as to the corpus of Matthew's one fourth, the distribution confirmed by the court is correct. The case, therefore, appears to resolve itself into the question whether Matthew took more than an equitable interest for life only in the share given him by his father's will; and that, of course, depends on the proper construction of the residuary clause above quoted.

In construing a will, regard must, of course, be had to the established rules of construction, one of which requires that all the parts thereof must be considered with reference to each other, or as it is sometimes expressed, the testator's intention (the. ascertainment of which is generally the purpose of construction) must be gathered from the four corners of the instrument. Another rule requires that (so far as. is consistent with the will as a whole) effect must be given to the words and, if possible, all the words of the testator used in their ordinary and natural signification, etc. Other rules are that the presumption

is always against intestacy, that the law regards with favor the heir or the first taker, and that an estate will always be construed to be a fee rather than a less estate. But, as was well said by the learned judge who specially presided in this case, these rules "are to be applied when the meaning of the words is doubtful; for no rule, except a hard and fast one adopted for some reason of policy, or a rule upon which titles have come to depend, can override the clear expression of a testator's will. If that be also lawful, it must be carried out without regard to the fact that 'another testator has used the same words with a different meaning.'"

If that part of the residuary clause preceding the words, "on the following conditions," stood alone, it would, under our Wills act of 1833, constitute an absolute devise and bequest in fee and in perpetuity of the one fourth of the testator's real and personal estate to his son Matthew expressed in apt words. Standing, as we find it, however, in immediate connection with those words and the provisions which follow, it is qualified by them, but not, as we think, to the extent claimed by the appellee and sanctioned by the court below. It is conceded by them that, in using the four words above quoted, the testator did not mean "conditions" in the legal sense of that word. It is very evident to us that he employed the phrase only in the sense of "on the following terms," or "subject to the following trusts." As to "the shares going to" his son Henry and his daughters Mari and Ella B., he directs that they "shall be held by each of them in trust for their children." What he intended by this is explained in the codicil. As to "the share going to" his son Matthew, he provides that it "shall be held in trust by" his son Henry, and that Henry shall pay to Matthew "the income from his share in quarterly payments each and every year during" Matthew's natural life. As to the corpus of Matthew's share, the only other provision that is made by the testator is that "in case Matthew shall reform and abstain from the use of all intoxicating drinks for two years," the trustee for Matthew's life of the corpus shall pay Matthew "from three thousand to five thousand dollars to enable him to engage in business." In his codicil, he is careful to say: "Nothing herein . . . is to affect the original provisions of my will concerning my youngest son Matthew."

We cannot assent to the proposition that the qualifying language employed in relation to "the share going" to Matthew should have the effect of practically revoking or nullifying the preceding absolute gift of that share to him, and, in lieu thereof, giving him an equitable interest therein for life only, nor do we think any such result was intended by the testator. On the contrary, what he doubtless did intend, and all that the language employed by him fairly means, was to protect his son Matthew from the probable consequences of his unfortunate habit and secure to him the use and enjoyment of the income of his share, in quarterly payments during his life, without stripping him of authority to dispose of the corpus, by will or otherwise, to take effect at his death. With that object in view he directed the share "going to" Matthew to be held in trust by Henry, etc., during Matthew's natural life. He thus created an active trust for Matthew's protection and benefit, limited in duration to the period of his natural life, without making any further disposition whatever of the corpus, or otherwise restricting Matthew's authority to dispose of it as he did. In some respects the case, in principle, resembles Snyder v. Baer, 144 Pa. 278, Silknitter's Appeal, 45 Pa. 365, Sproul's Appeal, 105 Pa. 438, and other cases cited by appellant.

In the clause under consideration, the testator's intention to dispose of "all the rest, residue and remainder of" his estate both real and personal is clearly and emphatically expressed, and we find nothing in his will to indicate any intention to the contrary. It is a long and well settled rule "that a will must be so construed as to avoid partial intestacy unless the contrary is unavoidable:" Boards of Missions' Appeal, 91 Pa. 513; Scofield v. Olcott, 120 Ill. 374. In this case, however, the intent to die testate is so clear that it is unnecessary to invoke the aid of the rule.

It was not impossible, or even improbable that Matthew might marry during his father's lifetime or afterwards, and die leaving children. In view of the provision made by the testator for his other grandchildren, it is scarcely possible to conceive that he intended to so dispose of Matthew's share that his children, if he should leave any, would receive nothing. If he had intended to thus virtually disinherit them he doubtless would have done so in terms that could not be misunderstood,

but, as we have seen there is nothing in the will to indicate any intention to restrict Matthew's share to an equitable interest for his life only. Further consideration of the questions involved is unnecessary. Enough has been said to show that the share given to Matthew was not cut down to an equitable life estate but was vested in him subject to the trust created for his protection and benefit, and that he had a right to dispose of the corpus as he did.

Decree reversed, with costs to be paid by the appellee, and record remitted to the court below with instructions to distribute the fund in controversy to the person or persons entitled thereto under the will of Matthew L. Boies.