## Estate of Mary Fell. Appeal of Wm. King, Agent for the Heirs of Jacob Fell and Francis Fell, deceased, Heirs-at-law of Mary Fell, deceased.

*Will—Bequest of interest a bequest of the fund—Life estate.*

A bequest of the interest of a fund, without limitation as to time, is a bequest of the fund itself, unless there is something to show a different intention.

In cases of doubt or indefiniteness the fact that there is no bequest or limitation over is usually held decisive in favor of the view that the first taker is entitled to an absolute estate in the fund.

The bequest was of interest on a certain bond to Leah and Rachel during their lives, and in case of death of either of them the survivor to have all it draws for life. *Held*, on the death of the survivor the principal was payable to her administrators and not to the next of kin of the decedent.

Argued Nov. 10, 1897. Appeal, No. 177, Nov. T., 1896, by Wm. King, agent for the heirs of Jacob Fell and Francis Fell,

deceased, from decree of O. C. Lancaster Co., dismissing exceptions to and confirming absolutely report of the auditor in the estate of Mary Fell, deceased. Before RICE, P. J., WICKHAM, BEAVER, REEDER, ORLADY, SMITH and PORTER, JJ. Affirmed.

Exceptions to auditor's report. Before LIVINGSTON, P. J.

The exceptions to the auditor's report were as follows:

1. The auditor erred in awarding the net balance of the estate—$288.19—to the administrator of Rachel Fell, deceased.

2. The auditor erred in not awarding the net balance of the estate—$288.19—per stirpes to the heirs of Jacob Fell, Francis Fell and Rachel Fell.

Other facts sufficiently appear in the opinion of the court.

*Errors assigned* were (1, 2) In dismissing the exceptions to the auditor's report.

*Thos. Whitson*, for appellant.—The mistake that the learned auditor made in interpreting the will is that he has tried to bring it under the rule that "a gift of the produce of the fund is a gift of the principal." The rule only takes hold where the gift of the interest is unqualified, in perpetuity, forever, and so indeed it is held by every authority that the learned auditor has cited.

An heir is not to be disinherited without an express devise or necessary implication; such implication importing not natural necessity, but so strong a probability, that an intention to the contrary cannot be supposed: 3 Jarman on Wills, 704 (5 Am. ed.)

The failure to name a residuary legatee raises no intent to disinherit any person who would take under the intestate laws: Hoffner v. Wynkoop, 97 Pa. 130; Fitzwater's Appeal, 94 Pa. 141.

All the tendency of the law in cases of the slightest doubt or ambiguity is to follow the intestate laws: Joyce's Estate, 13 W. N. C. 520.

*D. F. Magee*, for appellee.

OPINION BY WICKHAM, J., December 13, 1897:

The portions of the will of Mary Fell, deceased, necessary to be here considered, are as follows: " I, Mary Fell, do make this my will, that is, I will to Leah F. Moore and Rachel Fell all the interest on a bond that I hold against Charles Fell, except so much as will pay one half of the interest on some notes I signed with Charles, and if Charles' Fell will give those persons notes in his own name, then one-half of the principal which I should pay may be entered on the bond as the amount paid, and Leah F. Moore and Rachel Fell, shall have all the interest on the remainder of the bond. They shall have all the interest it draws during their lives and in case of the decease of either of them, the survivor shall have all it draws, during her life, &c."

" I appoint Marshall Wright and William King my executors, and I appoint them to be a committee in conjunction with Charles Fell during the lifetime of Leah F. Moore and Rachel Fell."

The first clause of the first paragraph above quoted, standing alone, would undoubtedly give the two legatees the corpus of the fund absolutely. A bequest of the interest of a fund, without limitation as to time, is a bequest of the fund itself, unless there is something in the will to show a different intention: Garret v. Rex, 6 W. 14; Campbell v. Gilbert, 6 Wh. 72; Robert's Appeal, 59 Pa. 70; Keene's Appeal, 64 Pa. 268. The second clause of the paragraph provides that the legatees shall have all the interest during their lives, and that it shall all go to the survivor, in case of the death of either before the other.

We thus have presented to us the question, whether the absolute bequest of the fund shall be cut down to a life estate therein by a later expression in the will. To accomplish this, all the authorities agree that the testator's intent to reduce the estate must be unambiguous. It will be noticed that the testatrix does not expressly say that the estate of the legatees shall cease with their lives, or the lives of the survivor, and it is especially significant that there is no bequest or limitation over. The latter circumstance is very important. In case of doubt or indefiniteness it is usually held decisive in favor of the view that the first taker is entitled to an absolute estate in the fund. It is scarcely necessary to refer to the many authorities sustaining the epigrammatic summary of Justice LOWRIE, in Smith's Appeal, 23 Pa. 9, that "In cases of doubtful construction, the law

leans in favor of an absolute rather than a defeasible estate, of a vested rather than a contingent one, of the primary rather than the secondary intent, of the first rather than the second taker, as the principal object of the testator's bounty." Equally well settled is the rule that a will must be so construed as to avoid partial intestacy, unless the contrary is unavoidable: Appeal of Boards of Mission, 91 Pa. 507; Boies' Estate, 177 Pa. 190.

The appointment of a "committee" for the legatees, whatever was meant thereby, certainly did not create any trust as to the bequests. There is not a word in the will giving the committee the right to handle, invest, or interfere with the legatees' estates. But, even if the bequests had been placed in the hands of the committee, without more, the trust would have been dry, the trustees having assigned to them no active duties, and hence could have no effect on the construction we feel bound to give the will: McCune v. Baker, 155 Pa. 503.

Decree affirmed at cost of appellant.