## Kling's Estate.

*Decedents' estates—Wills—Interpretation—Life estate—Absolute estate.*

A testatrix devised to her son the residue of her estate in the following words:

"All the remainder of my estate, wheresoever found and of whatsoever kind, I hereby will and bequeath to my son Harry W. Kling, in trust, he to receive the income of the same during his lifetime if he will need any of the principal during his lifetime the trustee is empowered to pay him such sums of money at any time that he thinks he needs for his support."

*Held*: That from a gift of the gross income there may be implied a gift of the property producing the income and that the son took an absolute estate.

The mere statement that he should receive the income during his lifetime is not sufficient to reduce to a life interest, what would otherwise be an absolute bequest; to accomplish this the testatrix's intention to reduce the estate must be unambiguous. If the beneficiary alone was to benefit by the bequest, the separation of the title into its legal and equitable elements is unnecessary, and will not prevent the vesting in him of the whole estate. To maintain a trust, some necessity must appear to keep the legal and equitable estates apart.

Submitted March 9, 1925. Appeal No. 24 March T., 1925, by Anna J. Smith, Executrix of the Estate of Harry W. Kling, deceased, from decree of O. C. York County, 11K 727, dismissing exceptions to Auditor's Report in the case of Estate of Eliza J. Kling, deceased. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Reversed.

Exceptions to Auditor's Report. Before Ross, J.

The facts are stated in the opinion of the Superior Court.

The court dismissed the exceptions and affirmed the report of the Auditor.

*Error assigned* was the decree of the court dismissing the exceptions.

*William A. Allen* and with him *Robert F. Bonner* for appellant.

*Michael S. Niles,* and with him *Charles A. May,* for appellee.

OPINION BY LINN, J., July 9, 1925:

Eliza J. Kling, widow, died in 1912, testate, survived by two sons, Harry and George, both sui juris, and by no other descendants. Her will, admitted to probate, contained four paragraphs: (1) providing for her interment and for a tombstone; (2) bequeathing $50 to her son George; (3) appointing Noah C.

May executor. The 3d paragraph, about the meaning of which the parties differ, is as follows: "All the remainder of my estate, wheresoever found and of whatsoever kind, I hereby will and bequeath to my son Harry W. Kling, in trust, he to receive the income of the same during his lifetime if he will need any of the principal during his lifetime the trustee is empowered to pay him such sums of money at any time that he thinks he needs for his support."

This appeal was submitted here without oral argument. The printed record consists merely of the account of The Guardian Trust Company of York, Pa., trustee for Harry W. Kling under the last will and testament of Eliza J. Kling, deceased; the report of an auditor appointed to distribute the balance shown in that account; exceptions to that report; the opinion of the court dismissing the exceptions and confirming the report, together with the will of Harry W. Kling, who died in 1923, leaving a will, duly probated, on which letters testamentary were granted to Anna J. Smith, executrix. With nothing more in the record, we are not advised of the circumstances which led to the appointment of the trustee whose account is before us, and accordingly proceed on the assumption—which the briefs filed clearly warrant—that the single point for decision is the interpretation of the third paragraph of the will, i. e. what estate vested in Harry W. Kling?

The appellant is the executrix of Harry W. Kling, and claims the balance of principal, and accrued income, on the ground that his mother's bequest to him was absolute. George Kling, the appellee, claims the balance of principal and income on the ground that Harry W. Kling was the beneficiary for life only; that there was a partial intestacy, and that George took as next of kin to his mother. Both the auditor and the court below adopted the latter view and ordered payment accordingly.

We differ from that conclusion for several reasons. "In the interpretation of wills,......'it must be steadily borne in mind that it is not the province of the court to consider what the testator possibly intended, but only what intention is expressed in the language used,......a necessary conclusion, since a will is required to be in writing' '': Biles v. Biles, 281 Pa. 565, 568. The will indicates a desire to dispose of her whole estate, all personalty, and, as the record seems to indicate, less than $500 in amount. As the conclusion reached below results in partial intestacy, the language of the court in Ostrom v. Datz, 274 Pa. 376, 378, is pertinent: ''.......that partial intestacy is not to be presumed if the words used will carry the whole estate and a construction is to be given a will which will avoid partial intestacy, unless the contrary is unavoidable......''

By comprehensive description, she gives the residue to her son Harry W. Kling. It is true, she says "in trust,"—that is, she attempts to divide the title to the property into a legal interest in him as trustee, and into an equitable interest for his benefit—"he is to receive the income of the same during his lifetime." He shall receive all the income, not merely the net income; from a gift of the gross income there may be implied a gift of the property producing the income: Deniston v. Deniston, 263 Pa. 224, 229; Schuldt v. Trust Co., 270 Pa. 360, 364. The mere statement that he shall receive the income during his lifetime is not sufficient to reduce to a life interest, what would otherwise be an absolute bequest; "to accomplish this, all the authorities agree that testator's intent to reduce the estate must be unambiguous": Fell's Est., 6 Pa. Superior Ct. 192, 194; Boies' Est., 177 Pa. 190. If he alone is to benefit by the bequest, the separation of the title into its legal and equitable elements is unnecessary, and will not prevent the vesting in him of the whole estate. To maintain a trust, some necessity

must appear to keep the legal and equitable estates apart: Wood's Est., 261 Pa. 480. We find none in the will. The only provision remaining for consideration is that if her son will need any of the principal during life, the trustee, who was that son, may pay himself such sums at any time for his support. This is a right to consume the principal; it furnishes no reason or necessity to keep apart the legal and equitable estates, such as would exist, for example, if testatrix had provided that at Harry's death the remaining principal should go to some specified legatee.

The decree is reversed and the record remitted, with instructions to award the fund for distribution to the executrix of the estate of Harry W. Kling, deceased; costs of this appeal to be paid out of the fund for distribution.