## Estate of Henry Osborn.

*Wills—Constitution—Legacy—Gift of income without limitation as to time.*

A testator bequeathed a sum of money to his son Daniel, "the money to be put in bank, the interest to pay his board at the County House," and later in the will provided that another son "is to take care of Daniel money," without any gift over, or a general residuary clause, or any limitation as to the length of time interest was to be paid.

*Held*: that the will passed an absolute title to Daniel.

A bequest of the interest or produce of a fund, without limitation as to time, is a bequest of the fund itself.

Argued March 11, 1926.  Appeal No. 13, March T., 1926, by the Commonwealth of Pennsylvania and the Poor District of Adams County, Pennsylvania, from decree of O. C. Adams County, entered September 8, 1925, in the Estate of Henry Osborn.  Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ.  Reversed.

Joint petition by the Commonwealth of Pennsylvania and the Directors of the Poor and of the House of Employment of Adams County, Pennsylvania, for order authorizing and directing the Citizens Trust Company of Gettysburg, trustee under the will of Henry Osborn, deceased, to pay certain funds to the petitioners as creditors of Daniel Osborn, a lunatic, for his maintenance and support.  Before McPHERSON, P. J.

The facts are stated in the opinion of the Superior Court.

The court dismissed the petition.  Petitioners appealed.

*Error assigned* was the decree of the court.

*C. E. Stahle*, and with him *M. A. Carringer*, for appellant.

No appearance and no printed brief for appellee.

OPINION BY LINN, J., April 19, 1926:

This was a joint petition by the Commonwealth of Pennsylvania and the Directors of the Poor of the House of Employment of Adams County filed in the Orphans' Court for a citation to the parties interested in the will of Henry Osborn, deceased, to show cause why the Commonwealth and the Poor District of Adams County should not be reimbursed for sums spent by petitioners in maintaining Daniel Osborn, son of the decedent and a beneficiary named in his will.

The citation was served on respondents, including the Citizens Trust Company, guardian of Daniel Osborn. No answers were filed. The case was heard on the petition and its exhibits. From them it appeared that Daniel Osborn was admitted to the Adams County Hospital for the Insane, as an insane patient, on October 11, 1910, and remained there until July 31, 1922. On that date he was removed to the Harrisburg State Hospital where he has since remained. His father, Henry Osborn, died domiciled in Adams County on the 10th of June, 1912, leaving a last will dated May 27, 1912, containing a provision for Daniel Osborn which presents the point of interpretation involved in this appeal.

In the petition, the Poor District claimed for a balance due for support "during six years last past," composed of $247.50 accruing while Daniel Osborn was in the Adams County Hospital and $390 paid by the county to the Commonwealth for his maintenance in the State Hospital from the 31st of July, 1922, in all $637.50. The petition also averred that the Commonwealth had expended for his maintenance from the 31st of July, 1922, to the 1st of December, 1924, the sum of $297.96. Attached to the petition was an account of the Citizens Trust Company of Gettysburg, (appointed by the Orphans' Court in place of George Osborn) as trustee of the legacy of $1,000 in question. This account showed from September 28, 1912, to Sep-

tember 28, 1924, principal and interest amounting to $1,657.50, and that there had been expended up to December 8, 1921, (no expenditures appear after that date) $477.50 out of the income, leaving a balance of principal and income of $1180.

That principal sum of $1,000 came from the estate of Henry Osborn, deceased. Decedent had a number of children, to whom by name he devised and bequeathed property. The provision in question is this: "I will to my son Daniel Osborn $1,000, the money to be put in bank the interest to pay his board at the County House." Later in the will there was this provision: "George is to take care of Daniell money." The petition averred that George Osborn declined to act and that the Citizens Trust Company was appointed, qualified, and held the legacy and income.

Petitioners' contention below was, and now is, that the legacy to Daniel was absolute and that they were therefore entitled to payment out of it. The court below held that the trust was active and dismissed the petition. The will was inartistically drawn by a person unskilled in such matters, and the point is perhaps not free from doubt (concerning which see Smith's Appeal, 23 Pa. 9, 11) but a majority of the members of this court agree that the bequest was absolute. There was no bequest over, no general residuary clause, no indication of the period during which interest should be paid. It does not appear what the character of Daniel's illness was, whether curable or not, or how long he had been ill when the will was made, or that he had been legally declared to be a lunatic. It was "Daniell [Daniel's] money" of which George was "to take care." Testator bequeathed like sums to each of three other children to whom he did not devise farms; the mere fact that he said "the money to be put in bank the interest to pay his board at the County House" does not create an active trust. "There is no bequest over of the principal on the

death of either legatee, nor anything in the provisions of the will limiting the time during which interest shall be paid.  It has been repeatedly held that a bequest of the interest or produce of a fund, without limitation as to time, is a bequest of the fund itself'': Hellman v. Hellman, 4 Rawle, 440, 449; Garret v. Rex, 6 W. 14, 17; Parker's App. 61 Pa. 478, 484; Millard's App., 87 Pa. 457, 460; Sproul's App., 105 Pa. 438, 440.

The order is reversed and the record is returned with instructions to pay out of the amount on hand the claims of petitioners, pro rata; costs to be paid out of the fund.