## Paine's Estate

Before Stearne, Sinkler, Klein, and Bok, JJ.

*George Ross*, for petitioner.

Bok, J., May 8, 1936.—The provisions of the will which require construction are quoted in the opinion of Judge Gest in Paine's Estate, 13 D. & C. 629. The facts now are the same as then, save only that Edward J. Paine, last surviving son of the testator, died on July 7, 1934. As the son was alive when Judge Gest wrote his opinion, he necessarily forebore to decide the present question, namely, the disposition of the estate in remainder. His opinion, however, furnishes a guide to the final answers to the questions stated in the petition for a declaratory judgment. It also forms the law of the case relative to

the jurisdiction of the court and the propriety of our entering a declaratory judgment.

Six questions are enumerated in the petition and in the decree of this court entered on June 7, 1935. The answers are as follows:

1. Isaac P. Cornog, Jr., takes a life estate only in 718 North Forty-fourth Street, Philadelphia. The provision in his favor contains the words, "neither to be sold or mortgaged during his lifetime." The following sentence, that "at his death" this real estate should go to the testator's Third and Vine Streets property, we construe as referring to the life tenant, who might have been either his daughter's husband or her son, under the terms of the will. It turned out to be the son, and in declaring his interest to be a life tenancy we are following what we believe to be the testator's intention regarding the remainder, to treat all his properties alike.

2. Judge Gest has already answered this question, holding that Fannie P. Michener, a granddaughter, took a vested interest which passed to her legal representatives.

3. The answer to the foregoing question determines the answer to this one. As Fannie P. Michener left a husband and four children to survive her, her vested interest in her grandfather's estate passes to them in the proportions provided for in the intestate laws.

4 and 5. These questions raise the final issue in the case and their answer will form the conclusion of this opinion.

6. Margaret P. Bowman Layton took a life interest only in 733 Brooklyn Street, Philadelphia. She left no children, and her husband, Warren, who is named in the will, predeceased her. Her second husband survived her, but he is not mentioned in the will. The provision in Margaret's favor also contains the words, "neither to be sold or mortgaged during her lifetime". This phrase is repeated in case her children or her husband Warren should take the life estate. The devolution of this property is again the same as directed with reference to the Third and Vine Streets property.

Margaret, therefore, had no interest in 733 Brooklyn Street which could pass to persons named in her will.

Under questions 4 and 5, it should be noted that there is another property in addition to those above considered and located at 3602 Melon Street, Philadelphia. This property was left under similar provisions to the testator's daughter Fannie, who died without issue, and is therefore included in the residuary estate. In consequence, the disposition of the Third and Vine Streets property controls the disposition of all the others and will be so considered in construing the provisions of the will and codicil with reference to the remainder interest.

In our opinion, the testator did not die intestate as to the remainder of his residuary estate; it devolves upon his grandchildren equally. They are Isaac P. Cornog, Jr., Robert E. Paine, Frederick H. Paine, William M. Paine, living grandchildren, and the heirs at law of Fannie P. Michener, a deceased granddaughter, who together represent her share. These are Naomi Michener Taylor, Charles L. Michener, Ralph E. Michener, and Sydney E. Michener, great-grandchildren, and Lewis W. Michener, surviving husband of Fannie P. Michener.

It is elementary that we will adopt any reasonable construction of the will and codicil which avoids an intestacy: Ingham's Estate, 315 Pa. 293. Here there is no specific provision concerning the remainder fee and we may therefore resort to rules of construction in order to determine it.

Judge Gest has already decided that rents from all the properties save 718 North Forty-fourth Street (which go to Isaac P. Cornog, Jr., during his life) should be divided one half to Edward, the child who was then still alive, and the other half to the grandchildren.

The provision covering devolution upon Edward's death is in the codicil, and reads, "When my son dies, then my grandchildren gets half the income from the estate until it is settled."

This gift is a gift of the entire income without limitation, trust provision, or disposition of remainder. In view of the artless manner in which the will is drawn, we also regard it as a residuary provision, and consequently as evidence of the testator's intention to dispose of his entire estate.

Intestacy is not to be presumed, and particularly is this so where the testator's evident intention is to dispose of his whole estate: Ostrom v. Datz, 274 Pa. 735; Moyer's Estate, 280 Pa. 131; Biles et al. v. Biles, 281 Pa. 565.

In McKinistry's Estate, 296 Pa. 185, the court, by Mr. Justice Sadler, said in part:

"The rule is firmly established in Pennsylvania that a gift of the entire income of the estate, without express provision for the disposition of any residue, results in the vesting of the estate in the one benefited: Wood's Est., 261 Pa. 480; Osborn's Est., 88 Pa. Superior Ct. 7." See also Gibbons' Estate, 317 Pa. 465.

We therefore hold that the testator's grandchildren, or their legal representatives, as above indicated, take the remainder interest of the residuary estate in fee.