# Gibbons, Appellant, *v.* Connor.

*Wills—Trusts and trustees—Gift of income—Husbands and wives of deceased children—Codicil.*

The testator devised the residue of his estate to his executors in trust to pay the income to his wife for life and at her death in trust to pay the income to his five children, share and share alike, and to the issue of any deceased child.  He added this provision, "provided, however, that upon the decease of either of my said children, without leaving lawful issue and leaving a husband or wife surviving, then my said trustees shall pay one-half of such deceased child's share of the rents, issues and profits of my said residuary estate unto the surviving husband or wife for and during all the term of his or her natural life.  And the remaining one-half part of such deceased child's share shall go to and be divided equally

among my said remaining children and the issue of my deceased child or children in manner aforesaid." There was no devise of the corpus of the estate. The gift of income to the husbands and wives of deceased children was revoked by a codicil in these words: "This clause I desire to revoke and the whole share shall go to and be divided between my surviving children share and share alike, and in no way whatever shall the husband or wife of any of my deceased children receive any portion of my estate." *Held,* that the trust created by the will should be upheld as long as any of the testator's children survived, to give effect to his intention that the husband or wife of a deceased child should be excluded from any participation in his estate.

Argued Jan. 20, 1908. Appeal, No. 370, Jan. T., 1907, by plaintiff, from decree of C. P. No. 4, Phila. Co., June T., 1904, No. 5,077, dismissing bill in equity in case of Charles J. Gibbons v. Catharine A. Connor et al. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Bill in equity for partition. Before WILLSON, P. J.
The opinion of the Supreme Court states the case.

*Error assigned* was the decree of the court.

*John G. Johnson,* with him *Wm. M. Montgomery* and *John C. Bell,* for appellant.—One-fifth of the realty, upon the death of the wife, vested in fee simple in the complainant: Cooper v. Pogue, 92 Pa. 254; Drusadow v. Wilde, 63 Pa. 170; France's Est., 75 Pa. 220; Curry v. Patterson, 183 Pa. 238.

Even if this was but an equitable fee simple, it was executed into a legal fee simple: (1) because no beneficial purpose can be subserved which prevents the execution of a trust where the cestui que trust is sole beneficiary, even though it be the desire of the testator to protect such beneficiary from improvidence or from alienating the estate; (2) because, even though the proposition under subhead (1) is not maintainable, there was no intent disclosed to guard the beneficiary against improvidence or alienation: Josselyn v. Josselyn, 9 Sim. 63; Saunders v. Vautier, 4 Beav. 115; Rocke v. Rocke, 9 Beav. 66; Young's Case, 18 Beav. 199; Shallcross's Est., 200 Pa. 122; Keyser's App., 57 Pa. 236; Fisher v. Taylor, 2 Rawle, 33; Vaux v.

Parke, 7 W. & S. 19 ; Brown v. Williamson, 36 Pa. 338 ; Barnett's App., 46 Pa. 392 ; Shankland's App., 47 Pa. 113 ; Kinsel v. Ramey, 87 Pa. 248 ; Kay v. Scates, 37 Pa. 31 ; Barker's Est., 159 Pa. 518 ; Wickersham's App., 18 W. N. C. 36 ; Churchman's Est., 18 Phila. 228 ; People's Sav. Bank v. Denig, 131 Pa. 241.

*Joseph P. McCullen,* with him *John J. Green* and *Daniel C. Donoghue,* for appellees, cited : Spring's Est., 216 Pa. 529 ; Harris v. Harris, 205 Pa. 460 ; Kline's App., 117 Pa. 139 ; Joyce's Est., 19 Phila. 45 ; Nevins's Est., 192 Pa. 258 ; Shalters v. Ladd, 141 Pa. 349 ; Bacon's Appeal, 57 Pa. 504 ; Hemphill's Estate, 180 Pa. 95 ; Wolfinger v. Fell, 195 Pa. 12.

OPINION BY MR. JUSTICE FELL, March 16, 1908 :

The testator devised the residue of his estate to his executors in trust to pay the income thereof to his wife for life and at her death in trust to pay the income to his five children, share and share alike, and to the issue of any deceased child. He added this provision, " provided, however, that upon the decease of either of my said children, without leaving lawful issue and leaving a husband or wife surviving, then my said trustees shall pay one-half of such deceased child's share of the rents, issues and profits of my said residuary estate unto the surviving husband or wife for and during all the term of his or her natural life. And the remaining one-half part of such deceased child's share shall go to, and be divided equally among my said remaining children and the issue of my deceased child or children in manner aforesaid." There was no devise of the corpus of the estate. The gift of income to the husbands and wives of deceased children was revoked by a codicil in these words : " This clause I desire to revoke and the whole share shall go to and be divided between my surviving children, share and share alike, and in no way whatever shall the husband or wife of any of my deceased children receive any portion of my estate."

The appellant is one of the children of the testator and sought a partition of the estate on the ground that a gift of the rents, issues and profits of the real estate, in the absence of a limitation over, was a gift of the corpus of the estate, and that

upon the death of his mother, the life tenant, his interest in the estate became absolute. The bill was dismissed for the reason, among others, that the trust created by the will should be upheld as long as any of the testator's children survived, to give effect to his intention that the husband or wife of a deceased child should be excluded from any participation in his estate.

The provision in relation to the husbands and wives of deceased children was not limited to the case of the death of a child before the death of the life tenant. The words, " upon the decease of either of my said children," in the gift over to a surviving husband or wife do not mean that the gift shall take effect only upon the contingency of death before a particular time but upon the death of a child whenever it shall occur. The trustees are then to pay one-half of the deceased child's share of the rents, issues and profits unto the surviving husband or wife and the other half to the testator's children. A payment was contemplated which before had gone to a child and this could not be prior to the death of the testator's wife, to whom the whole income was payable for life.

It was the intention of the testator, as shown by this provision, that the estates given to his children should be free from the incidents of courtesy and dower, which would have resulted from a vesting of the corpus of the estate in his children. The codicil did not merely revoke this provision. It directed that the whole income should go to the testator's children and grandchildren and that in no way whatever should the husband or wife of a deceased child receive any portion of the estate. It took away the restricted interest before given to the husbands and wives of deceased children and deprived them of any interest in any event in his estate. The intention disclosed is that they should receive nothing either under the will or under the law. To give effect to this intention, if for no other reason, the trust should be upheld.

The decree of the court dismissing the bill for a partition of the estate is affirmed at the cost of the appellant.