# Gibbons, Appellant *v.* Gibbons.

*Wills—Trusts and trustees—Active trust—Children and grand-children.*

The testator devised the residue of his estate to his executors in trust to pay the income to his wife for life and at her death in trust to pay the income to his five children, share and share alike, and to the issue of any deceased child, "provided, however, that upon the decease of either of my said children, without leaving lawful issue and leaving a husband or wife surviving, then my said trustees shall pay one-half of such deceased child's share of the rents, issues and profits of my said residuary estate unto the surviving husband or wife for and during all the term of his or her natural life. And the remaining one-half part of such deceased child's share shall go to and be divided equally among my said remaining children and the issue of my deceased child or children in manner aforesaid." The gift of income to husbands and wives was revoked by codicil. *Held,* that the corpus of the estate was to be held in trust until the death of the last surviving child, and that the grandchildren had no standing to have it divided or partitioned until such event happened.

Argued Jan. 5, 1912. Appeal, No. 210, Jan. T., 1911, by plaintiffs from decree of C. P. No. 1, Phila. Co., March T., 1910, No. 1018, dismissing bill in equity in case of Michael J. Gibbons and Olive E. Gibbons, to the use of Sebastian A. Rudolph et al. v. Charles J. Gibbons et al. Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Bill in equity for partition. Before KINSEY, J.

The facts are stated in the opinion of the Supreme Court and in Gibbons v. Connor, 220 Pa. 395. ·

*Error assigned* was decree dismissing the bill.

*Clarence E. Kuemmerle,* with him *William D. Neilson,* for appellant.—Upon the death of John J. Gibbons, his children became the absolute owners in fee

simple of an undivided fifth interest in the real estate described in the bill: Drusadow v. Wilde, 63 Pa. 170; France's Estate, 75 Pa. 220; Cooper v. Pogue, 92 Pa. 254; Schuldt v. Herbine, 3 Pa. Super. Ct., 65; Engel's Estate, 180 Pa. 215; Curry v. Patterson, 183 Pa. 238; Shower's Estate, 211 Pa. 297.

A trust, even if active, which has no lawful purpose to sustain it, must fall and the active duties of the trustee are dispensed with: Yarnall's App., 70 Pa. 335; Ogden's App., 70 Pa. 501; Ritter's Estate, 190 Pa. 102; Stiles v. Easton Nat. Bank, 33 Pa. Super. Ct. 57; Marshall's Est., 1 Pa. D. R. 313.

The testator did not intend that his residuary estate should be held in trust as an entirety after the death of any of his children leaving issue: Wilen's App., 105 Pa. 121; Aubert's App., 119 Pa. 48; Du Plaine's Est., 185 Pa. 332; McCallum's Est., 211 Pa. 205.

*Alfred N. Keim,* with him *Carroll R. Williams,* for appellee.—The question attempted to be raised in this case is res adjudicata. The validity of the trust created by the will of Michael Gibbons, deceased, was affirmatively established by the decision of this court in Gibbons v. Connor, 220 Pa. 395.

OPINION BY MR. JUSTICE ELKIN, February 12, 1912:

In Gibbons v. Connor, 220 Pa. 395, this court held that a valid active trust was created by the will of Michael Gibbons, deceased, and that the intention of the testator to thus protect his estate for the benefit of his children should prevail. The opinion in that case written by the present Chief Justice made no reference to grandchildren for the very good reason that the rights of children alone were involved in that controversy. The court simply passed upon the question then before it and nothing more. It is now earnestly contended that what was there said as to children has no application as to grandchildren. In support of this

position it is argued that the ground of our former decision was that the testator intended to protect the estates of his children from the incidents of curtesy and dower, which would have resulted from a vesting of the corpus of the estate in his children, and that the intention to thus guard the shares of grandchildren nowhere appears. The answer to this argument is that the protection of the estates of children from the incidents of curtesy and dower was not the only reason for declaring the trust in question active and valid. It was a potential reason, and it was so expressed, but it was not the exclusive ground upon which the decision rested. The corpus of the estate is to be held in trust until the death of the last surviving child when it will be distributed to the persons entitled to take under the will. This means that the trust estate must be held as an entirety to the end of the trust period and that it cannot be divided or partitioned at the instance of one or more ultimate beneficiaries before the trust has terminated. It must not be overlooked that we are dealing with the estate of the testator, who had the right to choose the objects of his bounty, and to impose such conditions as he deemed wise or expedient to protect his benefactions, provided always that the conditions or limitations are not unlawful. It has already been determined that the trust created by the will of the testator in the present case was a valid exercise of testamentary power not only as a protection to one child but to each of the five children. No child could do what is now undertaken to be done by the representative of grandchildren. It is difficult to see how a grandchild, a more remote object of the testator's bounty, should have higher rights than his children, who are the immediate beneficiaries. In all such cases the intention of the testator must necessarily be the guide to courts in the interpretation of testamentary provisions, and this intention will be allowed to prevail so long as the purpose to be served is a lawful one. In

the present case the purpose for which the trust was created is lawful, and no policy, or rule of law, has been contravened by the disposition which the testator made of his property. The trustee has active duties to perform and the time has not yet arrived for a distribution of the corpus of the trust estate. The beneficiaries are entitled to receive, and will receive, their respective portions of the income during the existence of the trust, and we think this was the manifest intention of the testator. The bill for partition was prematurely filed and was properly dismissed.

Decree affirmed at cost of appellant.