# Shirk's Estate.

*Wills—Construction—Trusts — Intent — Trust to support remainders—Termination of trust.*

Testator by will gave all of his property to his executors in trust for his wife and four children "for and during their lives or the life of the survivor of them," directing that the net income from his estate should be divided annually into five shares, one to be paid to his wife and one to each of his four children. After the death of his wife, the income was to be divided into four shares, and continue to remain on the same trusts during the lives of his four children; none of his real estate was to be sold during the lifetime of any of his children, except one certain farm. Upon the death of any of his children without issue, the share of such deceased child was to go on the same trusts to the remaining children subject to the wife's share of the income on same. Upon the death of any child leaving issue, the share of the child so dying

was to "go to and descend and be distributable to his or her chil-- dren and grandchildren per stirpes," subject to the income of the wife during her life. In a subsequent part of the will, he directed that the share of each child should not be liable for his or her debts or obligations, and that the children should not have the power to sell or pledge the income. The wife and three of the children were dead, and one child was living and had issue living. Upon a proceeding by such surviving child, who was also sole sur- viving executor and trustee, to terminate the trust, *held,* it was the intention of the testator that the estate should remain in the hands of trustees during the lifetime of the wife and of the children, who meanwhile were entitled to enjoy the income only, there being a remainder to the issue of a child who should die leaving issue, and that the trust should not be terminated.

Argued April 20, 1913. Appeal, No. 52, Jan. T., 1913, by Franklin G. Shirk, Trustee, &c., from decree of O. C. Lancaster Co., Jan. T., 1907, No. 30, dismissing rule to declare trust at an end in Estate of Jacob S. Shirk, de- ceased. Before FELL, C. J., BROWN, MESTREZAT, POTTER and MOSCHZISKER, JJ. Affirmed.

Rule to declare trust at an end. Before SMITH, P. J. The opinion of the Supreme Court states the facts. The court discharged the rule. Petitioner appealed.

*Error assigned* was in discharging the rule.

*John W. Appel,* of *Appel & Appel,* for appellant.

*H. M. Houser,* for appellees.

OPINION BY MR. JUSTICE MOSCHZISKER, June 27, 1913:
This appeal is from an order discharging a rule to show cause why a trust should not be terminated. The appellant, Franklin G. Shirk, is the sole survivor of the beneficiaries specifically named in the will of his father, Jacob S. Shirk, deceased, his brothers and sisters all having died without issue prior to the decease of his mother, Eliza Shirk, who died May 24, 1910. The trust

in question arises under this will; the parts essential to an understanding of the present case being as follows: "Item, I give, bequeath and devise all my estate and property of which I shall die seized and possessed, real personal and mixed of what nature or kind soever......, unto my executors hereinafter named or the survivor of them, in trust......for my hereinafter named legatees and devisees for and during their lives, or the life of the survivor of them, that is to say that the net......income......shall be divided annually into five shares; one of which shall be paid to my said wife, Eliza, one of which shall be retained by my said son, Franklin G. ......one of which shares to be paid to Harvey H., ......one of said shares to be paid to my son Silas W., ......and the other of said shares to be paid to my daughter, Lillie Elizabeth...... Item, I do order and direct that after the death of my wife, Eliza, the income of my estate shall then be divided into four parts or shares instead of five shares, and shall continue to remain on the same trusts as hereinbefore mentioned, for my four children during their joint lives; if, however, any of my said children shall have died in the life-time of my said wife without issue, then his share is to go and descend to my other three children, subject to my said wife's share of the income of the same; and if two or more of my said children shall have died as aforesaid, then his or her share shall, in like manner, go and descend to the survivor or survivors of my said children, subject to my said wife's share of the income on the same, if, however, he or she shall have died leaving issue, then his or her share shall go to and descend and be distributable to his or her children and grandchildren per stirpes, subject to my said wife's income on the same as aforesaid. If, however, any of my said children should die after the death of my said wife, then the share of such deceased child shall go and descend and be distributable as hereinbefore provided in this item, free and discharged from my wife's life-estate. Item, I do

order and direct that none of my real estate shall be sold or disposed of during the life-time of my said wife, or any of my said children, . . . . . . :"

The appellant contends that the testator simply disposed of the income of his estate, without any limitation over; that he is the sole surviving executor and trustee named in the will and the only remaining child and heir at law of his father; that the whole estate has vested in him, and the trust should be declared at an end; that if he is wrong as to the first of these propositions and there is a limitation over, then the fee to at least three-fourths of the estate is in him, and the trust should be declared terminated to that extent.

As we understand the opinion filed, the learned court below decided that there was a limitation over and that a fee had not vested in the appellant; in this we see no error. When the will is studied the testator's intent appears to have been to dispose of his entire estate and to tie his property up in trust during the lives of his wife and children. After giving all of his property, real and personal, in trust for the "legatees and devisees" named by him "for and during their lives, or the life of the survivor of them," the testator directs that the income therefrom shall be divided annually into five shares, and paid accordingly; he then directs that after the death of his wife the income shall be divided into four shares, and continue to remain on the same trusts during the lives of his children; and he states that none of his real estate excepting a certain farm shall be sold or disposed of during the lifetime of "any of my children." While the testator first uses the word "shares" in connection with "income," yet it seems clear that he had no intention thereby to limit its meaning to that part of his estate, and to die intestate, at the death of the particular beneficiaries named by him, as to the entire corpus of his property. The will seems rather to have been constructed upon the theory that thereunder each of his children would take a proportionate share for life of the

estate from which the income was to be received. When in the first part of his will he directs the payment of "income" and uses the word "shares" in connection therewith, he apparently means the share of income on the part of the estate taken for life by the respective beneficiaries, and later on in the will when he uses the word "share" again, he evidently means to refer to and direct the distribution of the respective proportions of the corpus of his estate from which the aforesaid shares of income are derived. He seems to recognize throughout the will that, while each of his children had been given an interest in the corpus of his estate with the right of survivorship upon their respective deaths without issue and with a limitation over to the children and grandchildren of those leaving issue, yet his wife's interest was in no sense more than a life-estate, for he not only makes no provision concerning survivorship to her, but the very last reference to her interest calls it a "life-estate"; and since she and the four children are all designated in the same manner in the beginning of the will, this indicates that the testator's thought was that each recipient of a proportion of the income was a life-tenant in a like proportion of the corpus of his estate. The latter provisions indicate no intention to enlarge these life-estates, but simply to increase the size of the shares of the children from time to time by the falling in of other shares through the right of survivorship, and to give remainders to the children and grandchildren of those leaving issue; the interest of the wife, however, to remain, and never to be encroached upon so long as she might live. In other words, the idea was to provide, upon the death of each of his children, for a disposition of the full share of the corpus of the estate which such child could take either during the life of his mother or at the latter's death; and, apparently, that is why the testator provided that each share passing upon the death of a child during the life of the mother was subject to her interest in the income during her life but the shares

passing after her death were free therefrom. All of which goes to show that the testator intended to provide for more than a mere disposal of the income from his estate, and had in mind an ultimate disposition of the principal thereof. That he intended to dispose of the principal as well as to direct how the income should be enjoyed is indicated by another part of the will, wherein he states: "I do order and direct that the interest and share of my estate which I have herein bequeathed and devised unto any of my children shall not......be liable for the debts or obligations of any of my said children ......; and further I do order and direct that none of my said children shall have power or right to sell, assign, convey, transfer or pledge the income......" This, as suggested by the learned court below, may have been an abortive attempt to create a spendthrift trust so far as the appellant is concerned (Ehrisman v. Sener, 162 Pa. 577), the testator having directed that he, "as one of my executors and trustees shall alone have authority to receive the money accruing to my estate and of dispersing the same," but, be this as it may, it is another and a rather plain indication of the intention of the testator that the corpus as well as the income of his estate, should be held in trust and that the word "share" was applied by him to the former as well as the latter; since the present proceeding is simply to declare the trust at an end, the question of the effect of the attempt to subject the appellant's share to the spendthrift provision is not properly before us for decision. As to the time of distribution, the testator provided that upon the decease of a child leaving issue, then the share of that child was "distributable to his or her children and grandchildren." This use of the word "distributable" is the first express direction for an actual division and payment of the corpus which comes into the will; it is significant as denoting the intention of the testator that such a distribution should only take place at the time and under the circumstances designated by him, and that no ultimate

distribution should occur during the continuance of a life-estate. The appellant is living and has children; hence, the distribution is not due until his death.

The will is not as clear as might be desired, but the predominating intent seems to be to restrict the final distribution of the testator's property to a time subsequent to the death of his wife and children, and such an intent is sufficient to sustain a trust to support remainders. "The property belonged absolutely to the testator who had the undoubted right to subject his testamentary gifts to such conditions and limitations as he chose to impose; provided only that the limitations and conditions were lawful:" Spring's Est., 216 Pa. 529, 532; Gibbons v. Gibbons, 235 Pa. 24. We have examined the cases cited by the appellant, but since we construe the will to create remainders over, most of the authorities relied upon are distinguishable by that fact, and none of them controls the present case.

The final order appealed from is, "Rule dismissed at the cost of the petitioner;" this order has been considered by the parties as a formal decree dismissing the petition upon which the citation issued, and it is so treated by us. We make this explanation so that the present opinion shall not be cited as an approval of the practice of disposing of questions of the character here raised upon a mere rule to show cause.

The assignments of error are overruled and the order is affirmed at the cost of the appellant.