## Gibbons's Estate.

Argued January 10, 1935.   Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*William I. Stanton* and *Alfred N. Keim,* for appellant.

*John J. Green,* with him *Wesley H. Caldwell* and *Ignatius A. Quinn,* for appellees.

OPINION BY MR. JUSTICE KEPHART, February 4, 1935:

When Michael Gibbons' will was before this court for interpretation, the question involved seemed definitely predicated on the disposition of the residuary estate on the termination of the trust, created for the lives of his wife and children. In that case, Gibbons v. Connor, 220 Pa. 395, while it did not definitely rule that the testator did not dispose of the corpus of his estate and that as to it he died intestate, the question was before the court.

The facts there presented were: A son of testator brought partition proceedings after the death of his mother against the other children and grandchildren of the testator on the theory that the gift of rents, issues and profits without limitation was tantamount to a gift of the corpus or fee in the estate to such children and grandchildren and that therefore he was entitled to partition. This court held: "There was no devise of the corpus of the estate. . . . It was the intention of the testator . . . that the estates given to his children should be free from the incidents of curtesy and dower which would have resulted from a vesting of the corpus of the estate in the children. . . . The intention disclosed is that they

[husband and wives] should receive nothing either under the will or under the law. To give effect to this intention, if for no other reason, the trust should be upheld." The court evidently regarded the corpus of the estate as not being disposed of, but did not permit partition as it was necessary to preserve the corpus intact to sustain the trust that had been created; also that the beneficiaries were to receive "their respective portions of the income during the existence of the trust."

While, in Gibbons v. Gibbons, 235 Pa. 24, some language we used might be construed as intimating a different result, what we there decided was that the corpus of the estate must be held as an entirety until the end of the trust period, that is, until the death of the last surviving child; and therefore that it could not then be partitioned. It was not intended to hold that the gift of the rents, issues and profits gave a fee. The language of the will precluded that.

In the case before us we are again asked to interpret this will and reverse or explain our former decision. The trust is now terminated, an account has been filed, and the auditing judge in determining the question of distribution held that the corpus passed to the grandchildren under the theory presented in Gibbons v. Connor, supra, and rejected by this court; that is, a devise of the rents, issues and profits of the land passes the land itself both at law and in equity. See France's Est., 75 Pa. 220; Mifflin's Est., 232 Pa. 25, at page 32. The rule is an artificial one of ancient origin, the reason being as stated in Co. Litt. 4, 6, "For what is the land but the profits thereof for thereby vesture, herbage, trees, mines, and all whatever parcel of the land doth pass." But, like all other canons of construction, it falls in the face of a contrary intention indicated by the will: Jarman on Wills, volume 2, page 1264. In Kline's App., 117 Pa. 139, we stated: "Of course, an unqualified gift of the income of land is to be taken as a gift of the land itself; but where, as in this case, that gift is qualified by a direction to or power in

someone else to sell, it is clear that the gift must be confined to the income alone, for the intent to keep the two things separate and distinct is thus made manifest." There the power of sale granted revealed testator's intent not to pass the fee. The qualifications of the rule, as defined by our court, are as follows: Where (a) the gift is for a limited period;[1] or if (b) the trustee has active duties to perform;[2] or if (c) the will discloses anything to indicate a contrary intent.[3]

The court below seemed to be of the further opinion in passing the estate to the children and not decreeing an intestacy that if the latter occurred there was a possibility that spouses might take some portion of it as prohibited by the codicil. Where testator passes his estate under the intestate law, excluding individuals, the direction is valid: McGovran's Est., 190 Pa. 375. On the other hand, even where an individual heir is expressly excluded by a will, and an intestacy results, the heir may, nevertheless, take. If he takes, it is not by reason of the will, but under the intestacy created by operation of law; the heir is not excluded by exclusion in the will, as in Bruckman's Est., 195 Pa. 363. In that case the testator said that he would not give one cent to his niece. He did not dispose of his real estate, which passed under the intestate laws. This court held that the niece took irrespective of the clause of exclusion.

---

[1] France's Est., 75 Pa. 220; Dorris's Est. (No. 1), 63 Pa. Superior Ct. 345.

[2] See Deniston v. Deniston, 263 Pa. 224; Stevens's Est., 267 Pa. 479; Schuldt v. Reading Trust Co., 270 Pa. 360. See Kling's Est., 86 Pa. Superior Ct. 312; Kline's App., 117 Pa. 139; Eichelberger's Est., 135 Pa. 160.

[3] Item 8 of the present will gives power to sell and to invest in other real estate, ground rents, mortgages, or reinvestment in any good security. Item 6 directs the executor and trustee to appoint an agent to manage the real estate and fixes his compensation. Item 7 gives a majority of the heirs power to appoint to the office of the executor and trustee where there is a vacancy, but no one of his family could be named.

This court having intimated in two previous cases that the will did not dispose of the corpus of the estate, it follows that the majority opinion of the court below was in error in holding that it did. We decree that the testator died intestate as to the corpus.

The decree of the court below is reversed.