# Kelly, Appellant, *v.* Pennsylvania Railroad Company.

*Will—Trusts and trustees—Spendthrift trust—Devise in fee.*

Where a testator devises a one-fourth interest in land to a trustee on a spendthrift trust to one of his sons and "his heirs," the son to have the "usufruct and profits," the trustee to sell only at the request of the son, and the interest is given without limitation over, the son takes an equitable fee.

Argued Oct. 29, 1909. Appeal, No. 171, Oct. T., 1909, by plaintiffs, from judgment of C. P. No. 1, Allegheny Co., Sept. T., 1908, No. 770, for defendant on case stated in suit of Clara D. Kelly et al. v. The Pennsylvania Railroad Company. Before FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Case stated in ejectment for an undivided interest in land in the twenty-fourth ward of the city of Pittsburg.

FORD, J., stated the facts to be as follows:.

Plaintiffs and defendant company both claim under John McClurg, who, being seized of the land described in the writ, died testate, the controversy in this case arising out of the construction of his last will and testament. The will is dated May 13, 1854. The clause in the will which gives rise to the dispute is as follows:

"Item—After my wife, Margaret Jane's, death, I give and devise the real estate upon which I now reside and have given and devised to my wife during her natural life, to my son Thomas J. McClurg, my son Joseph M. McClurg, my son Washington McClurg and to John S. Hamilton, their heirs and assigns, forever, as follows, to-wit: To said Thomas J. McClurg the one undivided fourth of said farm, to Joseph McClurg the one undivided fourth of said farm; to Washington McClurg the one undivided fourth of said farm; to John S. Hamilton the one undivided fourth of said farm, on which I now reside, for the use and benefit of my son, William McClurg, his heirs, to be held in trust for the benefit of said William, so that the same shall be free from all debts and liabilities of the said William McClurg, and to permit the said William McClurg to possess and enjoy the usufruct and profits thereof—and the said Trustee is hereby authorized and empowered to sell and convey the undivided one-fourth part of said farm or premises, at the request of said William McClurg and to invest the proceeds of any such sale upon similar trusts in other lands, or to and for the payment of the interest thereof to the said William McClurg, his own receipts, as the said Trustee may deem such sale, investments and payments most expedient for the benefit of the said William McClurg. And in the event of the decease of any of my said sons, namely, Thomas J., Joseph or Washington McClurg, without lawful issue, the shares of said deceased shall be vested in the survivor or survivors of my said sons last named in equal shares, or their heirs and assigns. All the rest and residue of my estate, real, personal and mixed, not hereinbefore disposed of after paying my debts, legacies

and funeral expenses—I give, devise and bequeath to my three last named sons, his or their heirs and assigns, share and share alike."

William McClurg, devisee, died April 8, 1890. The question to be determined is, What estate vested in William McClurg by the foregoing will? The plaintiffs claim, that by the terms of the will, a spendthrift trust was created in favor of William McClurg, and that upon his death, the real estate vested in the residuary legatees, viz., Thomas J., Joseph and Washington McClurg, or their heirs—among whom are the plaintiffs. The defendant, that William McClurg, by the will took a legal or equitable fee. If he took a fee, plaintiffs claiming under the residuary clause have no title to the land in controversy.

The court entered judgment for defendant on the case stated.

*Error assigned* was the judgment of the court.

*Charles W. Jones,* for appellants.

*James R. Miller,* of *Patterson, Sterrett & Acheson,* for appellee.

Per Curiam, January 3, 1910:

The paramount intention of the testator, John McClurg, was that his son William should take a fee in an undivided fourth of his farm. Though the devise passed the legal title to a trustee, it was to the trustee for the use and benefit of William McClurg and "his heirs." This gave an equitable fee to William. What follows discloses no intention that this absolute devise should be cut down to a mere life estate. The father simply wished to throw around the devise to his son and "his heirs" some protection against the son's improvidence. He had an unquestioned right to do so: Spring's Est., 216 Pa. 529; and in doing so there was nothing inconsistent with the absolute devise: Boies's Est., 177 Pa. 190. Nothing but a clearly expressed intention following the absolute devise to reduce it to a spendthrift trust, limited to the life of William, can have such an effect. No such intention appears. On the

contrary, William is given the "usufruct and profits" of the interest in the farm, and there is no devise over upon his death. The trustee is to sell only at the request of William. As to the interests of the other three sons, Thomas J., Joseph and Washington, the direction is that if either shall die without lawful issue his interest shall vest in the survivor or survivors. But there is no provision as to William's share upon his death. This was because the testator had previously devised it to him and his heirs. It could not, therefore, constitute a part of the residuary estate of the testator.

The assignments of error are overruled and the judgment is affirmed.