# Gunnell's Estate.

*Wills—Construction—Remainder in fee—Spendthrift trust—Gift to nephew—Intestacy—Res adjudicata.*

1. Where a testator gives his entire estate in trust for two children for life, and upon the death of the survivor, to six nephews, but directs that the share "then coming" to one of the nephews shall be held by a trustee under the terms of a spendthrift trust for life, the nephew takes an absolute interest in such share, subject to the spendthrift trust, and upon his death it goes to his heirs or next of kin.

2. In such case, where the orphans' court, after the death of the two children, awards the share in question to a trustee to be held for the nephew under the terms of the spendthrift trust, the decree is not res adjudicata as to the final disposition of the principal of the share.

Argued January 14, 1921. Appeal, No. 228, Jan. T., 1921, by Estate of Louis H. Sellars, deceased, et al.,

from decree of O. C. Phila. Co., July T., 1890, No. 33, dismissing exceptions to adjudication, in estate of Kitturah C. Gunnell, deceased. Before Moschzisker, C. J., Frazer, Walling, Simpson, Kephart, Sadler and Schaffer, JJ. Affirmed.

Exceptions to adjudication of Lamorelle, P. J.

The opinion of the Supreme Court states the facts.

The court, in an opinion by Thompson, J., 29 Pa. Dist. R. 1139, dismissed the exceptions. Estate of Louis H. Sellars et al., heirs, appealed.

*Error assigned,* inter alia, was decree, quoting it.

*Wayne P. Rambo,* with him *Bertram P. Rambo,* for appellants.—The ownership of the fee is res adjudicata: Gallagher's Est., 28 Pa. Dist. R. 622; McCown's Est., 221 Pa. 324; Newbold's Est., 65 Pa. Superior Ct. 151; Channon's Est., 28 Pa. Dist. R. 479; Borell's Est., 25 Pa. Dist. R. 430; McKinney's Est., 65 Pitts. L. J. 313.

Conceding an absolute gift was made in the first instance, testatrix by apt words cut such absolute gift, if one was made, down to a life estate: Ritter's Est., 148 Pa. 577; Shower's Est., 211 Pa. 297; Sheets's Est., 52 Pa. 257; Snyder's App., 95 Pa. 174; Good v. Fichthorn, 144 Pa. 287; Kreb's Est., 184 Pa. 222.

There is such inconsistency and incompatibility between a spendthrift trust for life and an absolute estate in the same beneficiary that the two cannot stand together: Hays v. Viehmeier, 265 Pa. 268.

*Thos. Bluett,* of *Welsh & Bluett,* for appellee.

Opinion by Mr. Justice Schaffer, February 14, 1921:

Kitturah C. Gunnell, by her will, gave her entire estate in trust for her two children for life, and, at their death, directed it to be divided equally among her six nephews, certain of these latter shares being restricted by spend-

thrift trusts. The exact language of that part of the will which raises the question now before us is as follows: "From and immediately after the decease of my said two children, and the survivor of them, then I order and direct all my estate, real and personal, to be equally divided between my six nephews [naming them]. The shares of my said estate then coming to my nephews, the said William C. Sinclair and Harry G. Knight, to be held by my said trustee above named in trust for them the said William C. Sinclair and Harry G. Knight, they to receive the net income of their respective shares for and during the term of their natural lives respectively, without being subject to their debts, contracts, liabilities or engagements, and without power or right of anticipation or alienation in any manner whatever. In case of the death of either of my six nephews above named, during the lives of my two children or of the survivors of them, the share or shares of such nephew or nephews so dying, shall become vested in and enure to the benefit of the survivors or survivor of them, my said nephews, except in regard to the share of my nephew William C. Sinclair, whose share of any and all additions thereto by the decease of any other or others of my nephews as aforesaid, should he the said William C. Sinclair die during the lifetime of my said two children, or the survivor of them, shall enure to the benefit of, and become vested in, the child or children of him the said William C. Sinclair, in equal parts if more than one, the child or children of any such child or children who may then be deceased to take per stirpes and not per capita."

Following the death of the last survivor of the two children, the testamentary trustee named in the will filed his second account, which was adjudicated by the orphans' court, and award was made of the principal of the trust estate now in controversy to the trustees.

On the death of the nephew, Harry G. Knight, a substituted trustee for him filed its account, and the orphans' court awarded to Knight's administrator the

corpus of the estate, which produced the income paid to him for life; from this award, some of the heirs of Kitturah C. Gunnell have appealed, claiming there is an intestacy as to the share in question. The contention of the appellants is that the absolute estate given to Harry G. Knight was cut down to a life estate by the trust created for him for life, and, as there is no remainder over, testatrix died intestate as to his share; but the court below did not accept this view, nor can we.

In Boies's Est., 177 Pa. 190, testator gave the residue of his estate to his four children in equal shares, "the share going to my son Matthew shall be held in trust" for him, the income to be paid to him for life. In disposing of the question as to what the son Matthew took, the following, most apposite to the case in hand, was said: "We cannot assent to the proposition that the qualifying language employed in relation to 'the share going' to Matthew should have the effect of practically revoking or nullifying the preceding absolute gift of that share to him; and, in lieu thereof, giving him an equitable interest therein for life only, nor do we think any such result was intended by the testator. On the contrary, what he doubtless did intend, and all that the language employed by him fairly means, was to protect his son Matthew from the probable consequences of his unfortunate habit and secure to him the use and enjoyment of the income of his share, in quarterly payments during his life, without stripping him of authority to dispose of the corpus, by will or otherwise, to take effect at his death. With that object in view, he directed the share 'going to' Matthew to be held in trust by Henry, etc., during Matthew's natural life. He thus created an active trust for Matthew's protection and benefit, limited in duration to the period of his natural life, without making any further disposition whatever of the corpus, or otherwise restricting Matthew's authority to dispose of it as he did."

In Kelly v. Pennsylvania Railroad Co., 226 Pa. 540, we held that, where a testator devised an interest in land to a trustee on a spendthrift trust for one of his sons and "his heirs," the son to have the "usufruct and profits," the trustees to sell only at the request of the son, and the interest being given without limitation over, the son took an equitable fee; and in Hays v. Viehmeier, 265 Pa. 268, we decided that a son took a fee simple estate in land under his father's will, where the devise was to a trustee "for the use and benefit of my son, his heirs, so that the same shall be free of debts and liabilities of my son, and to permit my son to enjoy the usufruct and profits thereof."

The case now before us is equally as strong as those cited, in favor of the view that the testatrix, by her will, intended that her nephew, Harry G. Knight, should take an absolute interest in her residuary estate, if he survived her two children. Now that the trust for him is at an end, by reason of his death, the court below correctly held that the corpus should go to his administrator. The conclusion that the interest taken by Harry G. Knight is an absolute one is further strengthened by a consideration of what would have happened to his share if he had died during the lifetime of the children of testatrix. In that event, his one-sixth share would have immediately vested in the survivors of the nephews; as it would have been absolute then, it is difficult to see why it is not absolute under the terms of the will in all contingencies.

Some point is made that by reason of the language of the auditing judge on the adjudication, in the year 1893, of the second account of the testamentary trustee under the will of Mrs. Gunnell, and because no appeal was taken from that adjudication, the question as to the estate taken by Harry G. Knight is res adjudicata. An examination of the adjudication satisfies us that it did not determine the interest of this nephew, but only decided that, whatever his interest was, it should be award-

ed to the testamentary trustee. The language of the auditing judge is "Whatever may be the effect of the gift to two of the nephews of the income for life, with no disposition over of the principal, the auditing judge thinks that the trust is nevertheless operative, because it is in the nature of a spendthrift trust."

The assignments of error are overruled and the decree of distribution is affirmed at cost of appellants.